UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**CHRISTINE P. O'HEARN**<br>**UNITED STATES DISTRICT JUDGE** | **MITCHELL H. COHEN BUILDING & U.S.**<br>**COURTHOUSE**<br>**4TH & COOPER STREETS, ROOM 6050**<br>**CAMDEN, NJ 08101**<br>**856-757-5167** |

November 2, 2022

**VIA CM/ECF**

| | |
|---|---|
| Younjin Bae, Esquire<br>Qinyu Fan, Esquire<br>Hang & Associates<br>126-20 38th Avenue, 10G<br>Flushing, NJ 11354 | Russell L. Lichtenstein, Esquire<br>Cooper Levenson, P.A.<br>1125 Atlantic Avenue, 3rd Floor<br>Atlantic City, NJ 08401 |

## LETTER ORDER

Re: **Peng Liu v. Chin Ma II, Inc., et al.**
     **Civil Action No. 21-cv-12507**

Dear Counsel:

Presently pending before the Court is the parties' Joint Motion for Settlement Approval ("Motion"). (ECF No. 29). Plaintiff also filed an Affidavit of Counsel detailing counsel's work on this case. (ECF No. 31). This is a Fair Labor Standards Act and New Jersey Wage and Hour Law case. As outlined in the Motion, the parties' proposed agreement settles all claims in this case for $50,000, with $33,066.67 allocated to Plaintiff, and $16,933.33 allocated to Plaintiff's counsel for requested attorney's fees and expenses. For the reasons stated below, the Motion is granted in part and denied in part.

FLSA claims can be settled in two ways: (i) with the Department of Labor supervising the payment of unpaid minimum wages or overtime compensation under 29 U.S.C. § 216(c); or (ii) with the district court's approval of a settlement agreement under 29 U.S.C. § 216(b). Before approving a settlement of FLSA claims a court must determine that: (1) the settlement resolves a bona fide dispute; (2) the settlement is fair and reasonable to the Plaintiff; and (3) the agreement does not frustrate the implementation of the FLSA in the workplace. *Brumley v. Camin Cargo Control, Inc.*, Nos. 08–1798, 10–2461 and 09–6128, 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012).

Additionally, Plaintiff's counsel is entitled to reasonable attorneys' fees as compensation for their work in recovering unpaid wages under the FLSA. In Third Circuit FLSA litigation, courts have used the lodestar formula and percentage-of-recovery method in evaluating the reasonableness of attorneys' fees. *See, e.g.*, *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 177 (3d Cir. 2011); *Bredbenner v. Liberty Travel, Inc.*, Nos. 09-905, 09-1248, 09-4587, 2011 WL 1344745, at *19 (D.N.J. Apr. 8, 2011). While fee awards have ranged from nineteen (19) percent

to forty-five (45) percent of a total settlement, fee awards around thirty (30) percent are routinely found reasonable. *Brumley*, 2012 WL 1019337, at *12.

Here, excluding the general release provision contained in the Settlement Agreement, the Court approves the settlement because it (1) resolves a bona fide dispute; (2) is fair and reasonable to the Plaintiff; and (3) does not frustrate the implementation of the FLSA in the workplace.

First, the Settlement Agreement resolves a bona fide dispute since the parties are at odds on multiple factual and legal issues, particularly over the number of hours Plaintiff worked and the amount of damages alleged by Plaintiff. Despite these disagreements, the parties sought a resolution that would avoid costly and time-consuming discovery and trial preparation.

Second, and again excluding the release provision, the settlement is fair and reasonable since it provides Plaintiff a substantial sum while accounting for litigation risks, which include the potential for no recovery at all.

Third, however, the Court finds that the general release provision contained in the Settlement Agreement is overly broad such that it frustrates the implementation of the FLSA in the workplace. Indeed, courts have consistently rejected similarly-worded general release provisions in settlement agreements. *See Brumley*, 2012 WL 1019337 at *8–9 (rejecting almost identical release provision in FLSA settlement agreement as overly broad); *Bettger v. Crossmark, Inc.*, No. 1:13-CV-2030, 2015 WL 279754, at *8–9 (M.D. Pa. Jan. 22, 2015) (striking similar portions of release provision as overly broad); *but see Singleton v. First Student Mgmt. LLC*, No. 13-1744, 2014 WL 3865853, at *8-9 (D.N.J. Aug. 6, 2014) (approving release provision in FLSA collective action settlement agreement because it was limited to future claims related to the specific litigation at issue); *Cruz v. JMC Holdings, Ltd.*, No. 16-9321, 2019 WL 4745284 , at *7 (D.N.J. Sept. 30, 2019) (approving release provision in FLSA collective action because it was limited only to the claims in the subject litigation, and noted that the parties circumscribed the scope of the release in recognition of the fact that general releases are disfavored in FLSA settlement agreements). Thus, the release in an FLSA case should be limited to the claims at issue and no more.

Finally, the Court finds that Plaintiff's counsel's request for $16,933.33 is reasonable. Counsel has requested one-third of Plaintiff's recovery as a fee. Because courts have routinely approved attorneys' fees of around 30 percent of settlement funds in FLSA cases, *see Brumley*, 2012 WL 1019337, at *12, Plaintiff's request for one-third is reasonable. In addition, the Court has confirmed the reasonableness of the fee requested by cross-checking the amount with the application of the lodestar. *Id.*

In summary, the Joint Motion for Settlement Approval (ECF No. 29) is thus **GRANTED** in part and **DENIED** in part. The parties are directed to re-submit a revised release agreement consistent with the Court's ruling within fourteen (14) days of the date of this Order.[1]

                                                      **SO ORDERED**.

                                                  */s/ Christine P. O'Hearn*
                                                  **CHRISTINE P. O'HEARN**
                                                  **United States District Judge**

---

[1] The Court construes Plaintiff's request for settlement approval as pertaining only to its claims under the FLSA, and not to its state law claims, as court approval of a settlement of those claims is not required. *See, e.g.*, *Gabrielyan v. S.O. Rose Apartments LLC*, No. 15-1771, 2015 WL 5853924, at *2 n.1 (D.N.J. Oct. 5, 2015). Accordingly, this Opinion only discusses the settlement as it pertains to Plaintiff's FLSA claims.